1  Holly S. Burgess  (SBN 104757)
   LAW OFFICES OF HOLLY S. BURGESS
2  680 Auburn Folsom Road, Suite 109
   Auburn, CA 95661
3  Telephone:  (530) 889-8900
   Facsimile:   (530) 889-8988
4  hollyburgess@lohsb.com

5

6  Attorney for Plaintiffs, Tom and Joy Klepac

7

8                    THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT, SACRAMENTO DIVISION

10

11 TOM KLEPAC and JOY KLEPAC           ) **CASE NO:**
                                       )
12              Plaintiffs,            ) **COMPLAINT FOR:**
          vs.                          ) 1.  BREACH OF SECURITY
13                                     )      INSTRUMENT;
   CTX MORTGAGE COMPANY, LLC;         ) 2.  VIOLATIONS OF REAL ESTATE
14 MORTGAGE ELECTRONIC REGISTRATION   )      SETTLEMENT PROCEDURES ACT;
   SYSTEMS, INC.;                      ) 3.  VIOLATIONS OF TRUTH IN
15 AMERICAN SECURITIES COMPANY, as    )      LENDING ACT;
   Trustee;                            ) 4.  VIOLATIONS OF FAIR CREDIT
16 WELLS FARGO BANK, N.A.;            )      REPORTING ACT;
   QUALITY LOAN SERVICE CORP.;        ) 5.  FRAUDULENT MISREPRESENTA-
17 LSI TITLE AGENCY INC.;             )      TION;
   AURORA LOAN SERVICES, INC.;        ) 6.  BREACH OF FIDUCIARY DUTIES;
18 and DOES 1-100, inclusive,         ) 7.  UNJUST ENRICHMENT;
                                       ) 8.  CIVIL CONSPIRACY;
19              Defendants.            ) 9.  CIVIL RICO VIOLATIONS;
                                       ) 10. QUIET TITLE;
20                                     ) 11. USURY AND FRAUD;
                                       ) 12.  WRONGFUL FORECLOSURE.
21                                     )
                                       ) **PLAINTIFFS DEMAND A JURY**
22                                     ) **TRIAL**
                                       )
23 ─────────────────────────────────── )

24

25                              __PARTIES__

26     1.      Plaintiffs are ("Plaintiffs" or "Klepacs") husband and wife, who are the owners of

27 6241 Crater Lake Drive, Roseville, California 95678 ("the Subject Property").  The legal description

28 of the Subject Property is Lot 29, "Final Map of Highland Reserve North, Village 10", filed on July

                                   - 1-

19, 2001 in Box X of Maps, at Page 34 of Official Records of Placer County, California.  Excepting therefrom all oil, gas, minerals, hydrocarbon and kindred substances lying below a depth of 500 feet as reserved in the certain deed recorded May 5, 1982 in Book 2497, Page 696, and that certain deed recorded July 24, 1972 in Book 1432, Page 305, Placer County Records.

APN:   358-010-028

2.      Defendant CTX MORTGAGE COMPANY, LLC, organized and existing under the laws of the State of Delaware, was at all times mentioned herein, engaged in business as a bank and/or servicer of mortgage loans in the county of Placer, California.

3.      Defendant MORTGAGE ELECTRONIC  REGISTRATION SYSTEMS, INC., whose corporate headquarters is in Delaware with its principal place of business in Reston, Virginia, was at all times mentioned herein, engaged in business as a servicer of mortgage loans in the county of Placer, California.

4.      Defendant AMERICAN SECURITIES COMPANY, as Trustee, was at all times mentioned herein, engaged in business as a bank and/or servicer of mortgage loans in the county of Placer, California.

5.      Defendant WELLS FARGO BANK, N.A, whose corporate headquarters is in San Francisco, California, was at all times mentioned herein, engaged in business as a bank and/or servicer of mortgage loans in the county of Placer, California.

6.      Defendant QUALITY LOAN SERVICE CORP., was at all times mentioned herein, engaged in business as a bank and/or servicer of mortgage loans in the county of Placer, California.

7.      Defendant LSI TITLE AGENCY INC., is an Illinois corporationon whose parent is Lender Processing Services, Inc., whose principal place of business is Jacksonville, FL. On information and belief, at all times mentioned in this Complaint was engaged in the business of title insurance, banking services, including foreclosure, and acting as trustee for banks, mortgage holders and lien holders in the county of Placer, California.

8.      Defendant AURORA LOAN SERVICES, INC., was at all times mentioned herein,

Klepacs v. CTX Mortgage Company, LLC, et al.                                                      **COMPLAINT**

engaged in business as a bank and/or servicer of mortgage loans in the county of Placer, California.

9.      Defendants Doe 1 through Doe 100 are believed to be the current beneficiaries of the Deed of Trust, if the lien has not been extinguished by operation of law.

10.     Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued as Doe 1 through Doe 100, i.e., the Beneficiaries.  Each fictitiously named Defendant is in some manner liable to Plaintiffs, claims some right, title, or interest in the Subject Property, or both.

11.     At all times relevant to this Complaint, each of the Defendants was the agent or employee of each of the remaining Defendants, and was acting within the course and scope of such agency or employment.

## JURISDICTION

12.     Pursuant to 28 U.S.C.A. §1331, this court has original jurisdiction based on the laws of the United States, as alleged herein.

13.     Pursuant to 28 U.S.C. §1367(a), this court has supplemental jurisdiction over the related state court claims.

14.     Pursuant to 28 U.S.C. §1332, this court has jurisdiction over the citizens of the various states as alleged above, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     Not only are the Plaintiffs the victims of fraud, unlawful and predatory lending and an underlying conspiracy to commit fraud, but Mr. and Mrs. Klepac are also facing the pending loss of their home through foreclosure initiated and advanced by Defendants in violation of the notice and standing requirements of California foreclosure law.

16.     In addition, the challenged foreclosure is based upon a Deed of Trust and a Note in the mortgage that is no longer held by the same entity or party.   In this case, foreclosure has been filed and the trustee's sale is currently scheduled for March 21, 2011 at 9:30 a.m.  The foreclosing entity (QUALITY LOAN SERVICE CORP.) filing the foreclosure is a third party and has no pecuniary interest in the mortgage loan.   The entity lacks standing and the capacity to foreclose.  The entity has no firsthand knowledge of the loan, no authority to testify or file affidavits as to the validity of the

1  loan documents or the existence of the loan.  The entity has no legal authority to draft mortgage

2  assignments relating to the loan.  The foreclosing entity and its agents regularly commit perjury in

3  relation to their testimony.

4       17.    Further, the foreclosure is based upon a Deed of Trust that was flawed at the date of

5  origination of the loan.  On information and belief, the "lender" CTX MORTGAGE COMPANY,

6  LLC, was not the actual lender, did not actually loan Plaintiffs any money, and was not the source of

7  the monies that funded the loan.   The money to fund the loan came from investors.  CTX

8  MORTGAGE COMPANY, LLC, acted merely as a broker for the purpose of obtaining Plaintiffs'

9  signature on loan documents and, therefore, CTX MORTGAGE COMPANY, LLC was merely the

10  servicer of the loan, but never the lender or owner of the beneficial interest in the Deed of Trust or the

11  obligation purportedly secured thereby.

12       18.    The true originators of the loan immediately and simultaneously securitized

13  (allegedly) the note through the means of conversion of an Article III negotiable Instrument (U.C.C.)

14  into Article IX (U.C.C.), non-negotiable paper.  The beneficial interest in the Note was never in the

15  lender.  In this case QUALITY LOAN SERVICE CORP. has declared a default and is not in privity

16  with the lender.  The true owner (s) or beneficiary(s) of the mortgage loan has not declared a default,

17  cannot declare a default under its Trust Agreement, and does not have an interest in the Note that

18  allows for any remedial actions to be undertaken by the Beneficial Interest Holder(s).

19       19.    The obligations reflected by the Note have been satisfied in whole or in part because

20  the investors who furnish the funding for these loans have been paid to the degree that

21  extinguishments of the debts have occurred with the result that there exist no obligations on which to

22  base any foreclosure on the Subject Property owned by Plaintiffs.  Defendants have and continue to

23  cloud the title and illegally collect payments and attempt to foreclose upon Plaintiffs' property when

24  they do not have lawful rights to foreclose, and are not holders-in-due-course of the Note.

25       20.    Any mortgage loan assignments would, at most, be an unsecured debt.  The only

26  parties entitled to collect on the unsecured debt would be the holder-in-due-course and beneficial

27  owner(s) of the original Promissory Note (the original "Lender of Record"), *if* the asset is still

28

Klepacs v. CTX Mortgage Company, LLC, et al.           **COMPLAINT**

1  booked as an asset and has not been sold and de-recognized as an asset under FASB 140.  Those

2  unknown parties have not come forward in this case.

3        21.    Certain individuals, who were the employees of the Servicer, QUALITY LOAN

4  SERVICE CORP, executed and notarized forged documents as to the ownership of the loan.  The

5  affiants have committed counts of fraud, perjury and forgery of the mortgage loan.

6        22.    Defendant QUALITY LOAN SERVICE CORP, who represented itself as a "Trustee"

7  when coming to Court, is actually not a common law Trustee. Rather, it is a special Corporate

8  Trustee with limited ministerial duties. These rights, duties and obligations do not include any

9  remedial actions as they relate to the assets of the REMIC Trust.  The Servicers, like QUALITY

10 LOAN SERVICE CORP, are merely administrative entities, under limited power of attorney, who

11 collect the mortgage payments and escrow funds.  The Servicer has no greater power than its'

12 Principal, the Trustee, and lacks the authority to bring any action on behalf of the REMIC Trust.

13       23.    The Trust participants have executed Trust Agreements, under oath, with the

14 Securities and Exchange Commission ("SEC"), and the Internal Revenue Service ("IRS"), as

15 mortgage asset "pass-through" entities wherein they can never own or manage the mortgage loan

16 assets in the REMIC Trust.  This allows them to qualify as a Tax Free Real Estate Mortgage

17 Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT").  As

18 long as the Trust is a qualified REMIC, no income tax will be charged to the beneficial

19 certificateholders.

20       24.    Importantly, the "Trustee" or custodian, must have the mortgages recorded in the

21 investors name as the beneficiaries of the Trust within 90 days of the "closing date" *(IRS Rule 860D*

22 *(a)(4))*, as defined within the REMIC Trust Agreement.  Every mortgage in the Trust should have

23 been publicly recorded in Placer County where the property is located with a mortgage in the name

24 of  this Trust, which would have had to been recorded in this case in 2004.   No such recording

25 exists in the Placer County records.

26       25.    The Promissory Note was never conveyed pursuant to the Trust mandates and the

27 mortgages were never conveyed or recorded pursuant to the proper chain of custody and Assignment

28 within the Trust Agreement(s).

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

26.     In this scenario, even if the foreclosing entity produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the Trust under the requirements of the prospectus for the Trust or the REMIC requirements of the IRS.  Mere possession of an Instrument does not confer the status of a person entitled to enforce the Instrument.

27.     Consequentially, the end result is that the required Trust asset, or any part thereof (mortgage note or security interest), was not legally transferred to the Trust to allow the Trust to ever be considered a "holder" of a mortgage loan.  Neither the "Trust" nor the Servicer, QUALITY LOAN SERVICE CORP., would ever be entitled to bring a foreclosure or declaratory action.  The Trust will never have standing or be a real party in interest before this Court.

28.     The transfer of mortgage loans into the Trust after the "**cut-off date**" (in this case 2004) destroys the Trust's REMIC tax exempt status, and this Trust would owe millions of dollars to the IRS and the State of California as the income would be taxed at one hundred percent (100%), if the Court were to find in favor of the Defendant(s).  Subsequent to the "cut-off date" listed in the prospectus, the mortgage notes and security for these notes had to be identified, and the Note and Mortgages transferred, *within 90 days*, and thereafter the pool is permanently closed to future transfers of mortgage assets.

29.     Defendants fraudulently conveyed Plaintiffs' mortgage loan, which was fraudulently recorded on or about February 27, 2004, in an attempt to transfer a Mortgage Assignment into a REMIC after that REMIC's "cut-off" and "closing dates".  Neither QUALITY LOSS SERVICE CORP. nor any other party in the chain of title has ever been lawfully assigned the beneficiary interest in the Deed of Trust and the Note.

30.     Therefore, the lack of lawful acquisition of Plaintiffs' mortgage loan violates the prospectus presented to the investors and the IRS REMIC requirements.

31.     Plaintiffs signed a Promissory Note and Mortgage.  They were unknowingly converting their property into an alleged asset of a Trust, while their credit and signatures were used to sell securities, the profits of which were to be used to fund the predatory "loan" (unbeknownst to Debtors, the loan papers were processed with an inflated appraisal and inflated income), without their consent or knowledge of the terms and conditions of the contract.

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

32.     Under the controlling Trust documents, a percentage of the homeowners' monthly payment stream was used as a guarantee.  This guarantee and payment under the guarantee has resulted in accounting documents that Plaintiffs believe show all payments have been made on Plaintiffs' alleged obligation.  A portion of Plaintiffs' monthly mortgage payment was used to insure and pay their alleged obligation without their knowledge or consent and the payment is believed to be current.

33.     California Commercial Code §3602(a) and UCC §3-602(a) provide that an obligation paid is an obligation extinguished.  Plaintiffs were never informed of the nature of the scheme, were deliberately induced into signing a Negotiable Instrument which was never intended as such, but intended as collateral for the sale of securities.  Under the terms of the typical Pooling and Servicing Agreement ("PSA"), Plaintiffs' mortgage obligation has been paid.  Plaintiffs' alleged "default" is a fiction.

34.     The fact that this "loan" was actually the proceeds from the sale of securities, and not a loan as it is defined under the laws of California, was a "material disclosure" which was deliberately and intentionally undisclosed.  The failure to disclose the identity of the true lender at closing was also a "material disclosure"; the nature of which would make the deed of trust void under California contract law.

35.     As required by the SEC, this Trust has a PSA and must be publicly filed.  The only purpose for the PSA is for the administration and distribution of funds to the investors and the obligation of the so called Trustee in administering the Trust.  The investors who put up money for the Trust and who received the securities certificates or Bonds, are purported not to be parties to the PSA.  However, under the Step Transaction Doctrine, as adopted by the Courts, these transactions are interdependent of one another and interrelated and, therefore, fall under the scope of a "single transaction", as defined by the Doctrine. The Borrowers and the Investors are the true Principals to the transaction, with the only financial and pecuniary interest in the transaction(s).

36.     The PSA merely sets forth what happens after the mortgages are bundled together.  However, the PSA also sets forth a *Cut-Off Date*.  The cut-off date is the date on which all mortgage loans in the Trust must be identified and set out in the SEC required list of mortgage loans.

Klepacs v. CTX Mortgage Company, LLC, et al.                                                              **COMPLAINT**

37.     Like the cut-off date, this Trust had a **Closing Date**.  The Closing Date is the date that the individually identified mortgages were to be transferred through the Custodian for the benefit of the investors.  The Trust Custodian must certify that for each mortgage loan, the Trust Custodian has possession of the original Promissory Note, all original endorsements and assignments transferring the Note and proof that the ownership of the Note has been lawfully transferred for the benefit of the investors.  Further proof of the ownership of a mortgage loan is required by a public recording of the Mortgage or Assignment of the mortgage itself.  This MUST have occurred by the Closing Date.

38.     In this case, Plaintiffs' mortgage was never part of the Trust scheme because the alleged assignment of the mortgage did not occur in 2004, wherein the Trust closing date has a 90-day window.

39.     Whoever claims to be acting on behalf of the Trust and claims that it has acquired the loan from CTX MORTGAGE, LLC, was not the party in the original Deed of Trust.  The multiple transfers of title of the mortgage loan between the originator, CTX MORTGAGE, LLC, The REIT Trust, the Depositor and the REMIC Trust is simply ignored as it can never be proved to the Court.  Chain of Mortgage assignment is broken as the assignees in the chain of title were never the mortgagee of record under a Mortgage Assignment and have absolutely no legal tie to the investors in the Trust.

40.     The assignment of Plaintiffs' mortgage was signed and notarized many years after the actual date of the "loan" and the date listed with the SEC and IRS as the "Closing" of the REMIC.  In this case, if found to be true, this Trust has been operating illegally as a tax exempt REMIC.

41.     On or about February 17, 2004, Plaintiffs executed a written first DEED of TRUST and security instrument, with CTX MORTGAGE COMPANY as the lender and CTX MORTAGE COMPANY as the trustee.  A copy of the DEED of TRUST is attached as **Exhibit "A"** and incorporated herein by reference.  The DEED of TRUST and Security Instrument has never been transferred from CTX MORTGAGE COMPANY to the foreclosing entity, QUALITY LOSS SERVICE CORP.  Plaintiffs are informed and believe the Deed of Trust has been transferred to an unknown entity at the time of execution on February 17, 2004, or was transferred to other unnamed entities and that the parties claiming a right or beneficial interest in the Deed of Trust, in fact have no

legitimate claims, as more fully explored below, in the TWELFTH CAUSE OF ACTION for WRONGFUL FORECLOSURE.

42.     All Defendants, if any of the Defendants has any interest in the Note and Deed of Trust (referred to collectively as "Mortgage"), are responsible and liable herein for all the actions of its predecessor-in-interest, the owner of the subject mortgage loan and the servicer/agent.

**Chain of Title Problems**

43.     The chain of title is hopelessly confused and convoluted, with multiple entities claiming a pecuniary interest in the Subject Property.  At some point WELLS FARGO BANK, N.A. was, supposedly, the beneficiary of the Deed of Trust.   The Short Form Deed of Trust filed on April 9, 2004, states that AMERICAN SECURITIES COMPANY is the Trustee and WELLS FARGO BANK, N.A. is the Beneficiary.  In addition, another Short Form Deed of Trust was filed on January 27, 2005, again naming AMERICAN SECURITIES COMPANY as the Trustee and WELLS FARGO BANK, N.A. as the Beneficiary.  On February 17, 2005, a Deed of Reconveyance dated February 7, 2005 was filed reconveying the Subject Property from AMERICAN SECURITIES COMPANY, the Trustee, to the Plaintiffs pursuant to a Deed of Trust dated March 10, 2004 and recorded on April 29, 2004.  This is not the correct date and/or recording information for the Deed of Trust which is the subject matter of this Complaint.

44.     Then, on December 29, 2005, a Short Form Deed of Trust dated December 1, 2005 was filed stating that WELLS FARGO BANK, N.A. was the beneficiary of the Deed of Trust and AMERICAN SECURITIES COMPANY was the trustee.

45.     At the time of the Notice of Defaults, the recorded interests also contradict the assertion that QUALITY LOAN SERVICE was the foreclosing beneficiary, as detailed in the above paragraphs, and reveal a slew of other illegal actions.  There is a complete break in the chain of title in this case.  Starting from the beginning, the chain of recordation is as follows:

///

///

Klepacs v. CTX Mortgage Company, LLC, et al.                                      **COMPLAINT**

**First Deed of Trust: Loan #105213710**

| DATE | DOCUMENT | PARTIES | |
|---|---|---|---|
| Filed: 2/27/2004 | **DEED OF TRUST** Dated: 2/27/2004 $371,600.00 Loan #105213710 **[Attached as Exhibit "A"]** | Lender/Beneficiary: | **CTX Mortgage Company, LLC** |
| | | Borrower/Trustor: | **Top Klepac and Joy Klepac, Husband and Wife, as Joint Tenants** |
| | | Trustee: | **CTX Mortgage Company, LLC** |
| Filed: 4/9/2004 | **SHORT FORM DEED OF TRUST** **Loan #0651-651-6213251-1998** **[Attached as Exhibit "B"]** | Lender/Beneficiary: | **Wells Fargo Bank, N.A.** |
| | | Borrower/Trustor: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants** |
| | | Trustee: | **American Securities Company** |
| Filed: 1/27/2005 | **SHORT FORM DEED OF TRUST** **Loan # 0651-651-6213251-1998** **[Attached as Exhibit "C"]** | Lender/Beneficiary: | **Wells Fargo Bank, N.A.** |
| | | Borrower/Trustor: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants** |
| | | Trustee: | **American Securities Company** |
| Filed: 2/17/2005 | **DEED OF RECONVEYANCE** **Loan# 06516516213251198** **[Attached as Exhibit "D"]** | Lender/Beneficiary: | **Wells Fargo Bank, N.A.** |
| | | Borrower/Trustor: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants** |
| | | Trustee: | **American Securities Company** |
| Filed: 12/29/2005 | **SHORT FORM DEED OF TRUST** **Loan# 06516516213251198** **[Attached as Exhibit "E"]** | Lender/Beneficiary: | **Wells Fargo Bank, N.A.** |
| | | Borrower/Trustor: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants** |
| | | Trustee: | **American Securities Company** |

///

///

///

///

Klepacs v. CTX Mortgage Company, LLC, et al.                    **COMPLAINT**

| DATE | DOCUMENT | PARTIES | |
|---|---|---|---|
| Filed: 3/9/2010 | **NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**<br><br>**Loan #Unknown**<br><br>**Sale Date: Unknown**<br><br>**[Attached as Exhibit "F"]** | Trustor:<br><br><br>Trustee:<br><br><br><br>Signer:<br><br>Dated: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants**<br><br>**Quality Loss Service Corp., as Agent for Beneficiary, By: LSI Title Agency, Inc. as Agent**<br><br>**Keli Tune**<br><br>**3/8/2010** |
| Filed: 6/2/2010 | **NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**<br><br>**Loan #Unknown**<br><br>**Sale Date: 3/21/2011**<br><br>**[Attached as Exhibit "G"]** | Trustor:<br><br><br>Trustee:<br><br><br><br>Signer:<br><br>Dated: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants**<br><br>**Quality Loss Service Corp., as Agent for Beneficiary, By: LSI Title Agency, Inc. as Agent**<br><br>**Linda Kern**<br><br>**6/1/2010** |
| Filed: 2/15/2011 | **SUBSTITUTION OF TRUSTEE**<br><br>**Loan #Unknown**<br><br>**[Attached as Exhibit "H"]** | Assignor:<br><br>Assignee:<br><br><br>Signer:<br><br>Signature:<br><br>Date notarized: | **Aurora Loan Services LLC**<br><br>**Quality Loan Service Corporation**<br><br>**Aurora Loan Services, LLC**<br><br>**Ivet Oneth, Assistant Vice President**<br><br>**2/8/2011** |
| Filed: 2/23/2011 | **NOTICE OF TRUSTEE'S SALE**<br><br>**Loan #Unknown**<br><br>**Sale Date: 3/21/2011**<br><br>**[Attached as Exhibit "I"]** | Trustor:<br><br><br>Trustee:<br><br>Signer:<br><br><br><br>Dated: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants**<br><br>**Quality Loan Service Corp.**<br><br>**Quality Loan Service Corp. By:  Christine Bitanga, as Authorized Agent**<br><br>**2/13/2011** |

///

///

///

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

| DATE | DOCUMENT | PARTIES | |
|------|----------|---------|--|
| Filed: 4/22/2010 | **CORPORATE ASSIGNMENT OF DEED OF TRUST**<br><br>**Loan #Unknown**<br><br>**[Attached as Exhibit "J"]** | Lender/Beneficiary:<br><br><br><br><br>Borrower/Trustor:<br><br><br>Assignee:<br><br>Signer:<br><br><br><br><br><br>Dated: | **Mortgage Electronic Registration Systems, Inc., as Nominee for CTX Mortgage Company, LLC, its Successors and Assigns**<br><br>**Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants**<br><br>**Aurora Loan Services, LLC**<br><br>**Mortgage Electronic Registration Systems, Inc., as Nominee for CTX Mortgage Company, LLC, its Successors and Assigns**<br><br>**4/9/2011** |
| Filed: 6/2/2010 | **RECISSION OF NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**<br><br>**Loan #Unknown**<br><br>**[Attached as Exhibit "K"]** | Trustor:<br><br><br>Trustee:<br><br><br>Signer:<br><br><br><br>Dated: | **Tom Klepac and Joy Klepac, Husband and Wife, as Joint Tenants**<br><br>**Quality Loan Service Corporation**<br><br>**Quality Loan Service Corp., as Agent for Beneficiary, By: LSI Title Agency, Inc., By: Linda Kean**<br><br>**Undated** |

46.     The Notice of Defaults (NODS), dated March 8, 2010 and June 1, 2010 and recorded on March 9, 2010 and June 2, 2010, respectively, were signed by QUALITY LOAN SERVICE CORP., as Agent for Beneficiary, By:  LSI Title Agency, Inc. as Agent.  The NODS each contain a paragraph purporting to be "pursuant to Cal. Civ. Code section 2923.5."  However, QUALITY LOAN SERVICE CORP. (an unknown entity and a stranger to the transaction) cannot *possibly* comply with 2923.5, because QUALITY LOAN SERVICE CORP. is not CTX MORTGAGE COMPANY, LLC, is not a division of, CTX MORTGAGE COMPANY, LLC, and is not even CTX MORTGAGE COMPANY, LLC.

47.     In addition, Plaintiffs hereby challenge the veracity of the "declarations" in the first instance, because they were not contacted as alleged in the declarations.  Notably, the "declarations" under Cal. Civ. Code section 2923.5 are not notarized, as required by law.  As the NODS are non-compliant with California law, they are therefore invalid, should be stricken from the Official Records, should be expunged, and the Sale of the Subject Property should be set aside by the court.  The NODS are attached hereto as **Exhibit "F"** and **Exhibit "L"**.

48.     The Substitution of Trustee is <u>signed</u> by "Ivet Oneth, Vice President" and <u>undated</u>, <u>notarized</u> February 8, 2011, and was not <u>filed</u> until February 15, 2011.  Here, again, is another defective document upon which Defendants base their claims.  The Substitution of Trustee is attached as **Exhibit "I"**.

49.     The Notice of Trustee's Sale, dated February 23, 2011, is also fatally defective.  It was signed by QUALITY LOAN SERVICE CORP., as Authorized Agent, citing that it received a written Declaration of Default from the original beneficial interest holder under the Deed of Trust.  This was false as the NODS were filed by QUALITY LOAN SERVICE CORP. when CTX MORTGAGE COMPANY, LLC, was the purported original lender and beneficial interest holder.  The Notice is utterly void, ultra vires, powerless and without legal validity, for the reasons stated already.  The Notice of Trustee's Sale is attached as **Exhibit "H"**.

**<u>Separate Failure to Resolve Prior to Sale</u>**

50.     Plaintiffs entered into loan modification negotiations with CTX MORTGAGE COMPANY, LLC.  At that point, the Plaintiffs assumed that the persons collecting their payments had a right to do so.  In retrospect, it has been revealed that they did not.

51.     Plaintiffs called the purported lender/servicer of the subject mortgage to advise about their financial situation and to request assistance in the form of a repayment plan or other modification relief designed to avoid foreclosure and the loss of their home.

52.     Despite the Plaintiffs' efforts, the purported lender/servicer failed, refused and/or neglected to work with Plaintiffs in any reasonable way to avoid foreclosure during the time of their

- 13-

1 | financial difficulties.

2 |      53.    Instead, the purported lender/servicer, secretly was transferring the Deed of Trust and
3 | then has attempted to foreclose, without notice to Plaintiffs.

4 |      54.    The purported lender/servicer failed, refused and/or neglected to disclose to Plaintiffs
5 | what options were available to the Plaintiffs, to avoid foreclosure and the loss of their home.

6 |      55.    As a result, Plaintiffs were not provided with the specialized assistance and default
7 | loan servicing that the lender/servicer was obligated to provide that comported with the Plaintiffs'
8 | ability to pay and that served to assist Plaintiffs in their efforts to avoid the default and the
9 | acceleration of the subject mortgage debt and foreclosure.

10 |      56.    Defendants failed, refused and/or neglected to evaluate the particular circumstances
11 | surrounding Plaintiffs' claimed default; failed to evaluate Plaintiffs or the subject property; failed to
12 | determine the Plaintiffs' capacity to pay the monthly payment or a modified payment amount; failed
13 | to ascertain the reason for the Plaintiffs' claimed default, or the extent of the Plaintiffs' interest in
14 | keeping the subject property.

15 |      57.    The Defendants failed, refused and/or neglected to give these Plaintiffs the
16 | opportunity to cooperate in resolving the debt.

17 |      58.    The Defendants purposefully deceived Plaintiffs that the Mortgage modification was
18 | proceeding as planned and deceptively and purposefully wrongfully foreclosed on Plaintiffs'
19 | property.

20 | **FIRST CAUSE OF ACTION**
21 | **Breach of Security Instrument**
   | **(As to All Defendants and DOES)**
22 |

23 |      59.    Plaintiffs reaffirm and re-allege the above paragraphs 1-58 herein above as if set forth
24 | more fully herein below.

25 |      60.    In 1994, Congress enacted the Home ownership equity protection act, (HOEPA)
26 | which is codified at 15 USC §1639 et. seq.  With the intention of protecting homeowners from
27 | predatory lending practices targeted at vulnerable consumers. HOEPA requires lenders to make
28 | certain to find disclosures and prohibits certain terms from being included in home loans.  In the

Klepacs v. CTX Mortgage Company, LLC, et al.                 **COMPLAINT**

1 | event of noncompliance, HOEPA imposes civil liability for precision and statutory and actual

2 | damages.

3 |       61.    Each Plaintiff is a "consumer" and each Defendant is a "creditor" as defined by

4 | HOEPA.  In the mortgage loan transaction at issue here, Plaintiffs were required to pay excessive

5 | fees, expenses, and costs which exceeded more than 10% of the amount financed.

6 |       62.    Pursuant to HOEPA and specifically 15 USC §1639 (A.) (1), each Defendant is

7 | required to make certain disclosures to the Plaintiffs which are to be made conspicuously and in

8 | writing no later than three (3) days prior to the closing.

9 |       63.    In the transaction at issue, Defendants are required to make the following disclosures

10 | to Plaintiffs by no later than three (3) days prior to said closing:

11 |       "You are not required to complete this agreement merely because you have received

12 |       these disclosures or have signed a loan application.  If you obtain this loan, the lender

13 |       will have a mortgage on your home.  You could lose your home and any money you

14 |       have put into it, if you do not meet your obligation under the loan."

15 |       64.    Defendants violated HOEPA by numerous acts and material omissions, including but

16 | not limited to:

17 |       A.    Failing to make the foregoing disclosures in the conspicuous fashion;

18 |       B.    Engaging in a pattern and practice of extending credit to Plaintiffs

19 |       without regard to their ability to pay and violation of 15 USC §1639.

20 |       65.    By virtue of the Defendants' multiple violations of HOEPA, Plaintiffs have a legal

21 | right to rescind the consumer credit transaction, the subject of this action, pursuant to 15 USC

22 | §1635.  This complaint is to be construed, for these purposes, as formal and public notice of

23 | Plaintiffs' notice and rescission of the mortgage and note.

24 |       66.    Defendants further violated HOEPA by failing to make additional disclosures,

25 | including but not limited to Plaintiffs' not receiving the required disclosure of the right to rescind the

26 | transactions.

27 |       67.    The failure of Defendants to provide accurate TILA disclosures; and the amount

28 | financed being understated.

Klepacs v. CTX Mortgage Company, LLC, et al.                                          **COMPLAINT**

68.     As a direct consequence of and in connection with Plaintiffs' legal and lawful exercise of their right of precision, the true" wonder" is required, within twenty (20) days of the notice of rescission, to:

      A.     Desist from making any claims for finance charges in the transaction;

      B.     Return all monies paid by Plaintiffs in connection with the transaction to the Plaintiffs;

      C.     Satisfy all security interests, including mortgages, which were required in the transaction.

69.     Upon the true "lender's" full performance of its obligations under HOEPA, Plaintiffs shall tender all sums to which the true lender is entitled.

70.     Based on Defendants hope violations, each of the Defendants is liable to the Plaintiffs for the following, which Plaintiffs demand as a relief:

      A.     Rescission of the mortgage loan transaction;

      B.     Termination of the mortgage and security interest in the property the subject of the mortgage loan documents created in the transactions;

      C.     Return of any money or property paid by the Plaintiffs including all payments made in connection with the transaction;

      D.     The amount of money equal to twice the finance charge in connection with the transactions;

      E.     Relinquishment of the right to retain any proceeds; and

      F.     Actual damages in an amount to be determined at trial, including, attorney's fees.

71.     Because it is not clear who was actually in interest at the time of the actions described below, Plaintiffs allege this cause of action in the alternative against each of the possible parties at fault. Unless otherwise indicated, allegations will be lodged against "Defendant Actually in Interest, If any" for the purposes of this pleading, which will be amended upon discovery of which Defendant, on information and belief, if it was one of the Defendants named.

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

1    72.    This Cause of Action is pled in the alternative to the more likely allegation that the

2    Note has become an ownerless "phantom note" and litigation is necessary to determine who, if

3    anyone, has any right, under what transfer agreement, if any.

4    73.    The Deed of Trust is the document which allows a non-judicial foreclosure to

5    proceed and gives Power of Sale to the duly appointed Trustee.  Per the Deed of Trust, only the

6    Lender can invoke the foreclosure (See, Deed of Trust, **Exhibit "A",** paragraph 9).  Per Deed of

7    Trust paragraph 24, the Lender may appoint a trustee.  The Substitution of Trustee in this case is

8    void, due to fraud, and was not executed in compliance with California Civil Code§2934(a).  The

9    Substitution of Trustee was invalid also because it was not executed by the Lender, per requirement

10   of the Deed of Trust.  The duly appointed Trustee under the Deed of Trust as of the recording of the

11   Notice of Defaults on March 9, 2010 and June 2, 2010, respectively, was CTX MORTGAGE

12   COMPANY, LLC.  Neither MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

13   AMERICAN SECURITIES COMPANY; WELLS FARGO BANK, N.A.; or QUALITY LOAN

14   SERVICE CORP. were effectively substituted as trustee.  (See, Substitution of Trustee, **Exhibit "I"**)

15   The Notices of Default was recorded PRIOR to an effective assignment, which if it were the true

16   holder-in-due-course, it would be mandatory to obtain beneficial interest in the Deed of Trust, prior

17   to invoking foreclosure.   In the case of a mortgage with a power of sale, an assignee can only

18   enforce the power of sale if the assignment is recorded, since the assignee's authority to conduct the

19   sale must appear in the public records.

20   74.    A valid assignment was never recorded prior to the Notices of Default, which proves

21   the Notice of Defaults were void at their inception and recording on March 9, 2010 and June 2,

22   2010, respectively.  A non-judicial foreclosure sale under the power-of-sale in a deed of trust or

23   mortgage must be conducted in strict compliance with its provisions and applicable statutory law.  A

24   trustee's powers and rights are limited to those set forth in the deed of trust and laws applicable

25   thereto.

26   75.    The notice of acceleration and notice to cure given to borrower pursuant to

27   Section 19 and the notice of  acceleration given to borrower pursuant to Section 18 shall be deemed

28

Klepacs v. CTX Mortgage Company, LLC, et al.                    **COMPLAINT**

1  to satisfy the notice and opportunity to take corrective action provisions of Section 19 of the Deed of

2  Trust.

3      76.      When there is an agreement between the Beneficiary and Trustor, such as the

4  Condition Precedent expressed in Paragraph 22 of the Deed of Trust, a Foreclosure cannot take

5  place before the condition is satisfied.  If the Beneficiary fails to carry out its obligation, a

6  subsequent foreclosure is invalid.   Defendants have not complied with any expressed provisions of

7  the Deed of Trust, have speciously trespassed upon the Deed of Trust and Plaintiffs' Property, and

8  the foreclosure and impending sale must be rendered void and rescinded under California Civil Code

9  § 3513.  Anyone may waive the advantage of a law intended solely for his benefit.  But a law

10 established for a public reason cannot be contravened by a private agreement.  California Civil Code

11 § 3514.  One must so use his own rights as not to infringe upon the rights of another.  All the acts of

12 Defendants as described in this Complaint are a breach of the security instrument, the Deed of Trust.

13     77.      Plaintiffs first learned of the actions of Defendants, including their failure to disclose

14 and the fraud committed upon them in November of 2010.  Any applicable statute of limitations

15 should run from this date.

16

17          **SECOND CAUSE OF ACTION**
          **Violations of Real Estate Settlement Procedures Act**
18              **(As to All Defendants and DOES)**

19     78.      Plaintiffs reaffirm and re-allege paragraphs 1 through 77 herein as specifically set

20 forth herein as set forth fully below.

21     79.      As mortgage lenders, Defendants are subject to the provisions of the real estate

22 settlement procedures act ("RESPA"), 12 USC §2601 et. seq.

23     80.      In violation of 12 USC §2607 and in connection with the mortgage loan to Plaintiffs,

24 Defendants accepted charges for the rendering of real estate services which were in fact charges for

25 other than services actually performed.

26     81.      As a result of the Defendants' violations of  RESPA, Defendants are liable to

27 Plaintiffs in an amount equal to three (3) times the amount of charges paid by Plaintiffs for

28 "settlement services" pursuant to 12 USC §2607 (d) (2).

82.     Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

**THIRD CAUSE OF ACTION**
**Violations of Truth In Lending Act**
**(As to All Defendants and DOES)**

83.     Plaintiffs reaffirm and reallege paragraphs 1 through 82 above herein as set forth fully below.

84.     Defendants failed to include and disclose certain charges in the finance charge shown on the TILA statement, which charges were imposed on Plaintiffs incident to the extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 USC §1605 and Regulation Z §226.4, thus resulting in an improper disclosure of financial charges in violation of 15 USC §1601 et seq., Regulation Z §226.18(d). Such undisclosed charges included some identified on the settlement statement listing the amount financed which is different from the sum listed in the original Note.

85.     By calculating the annual percentage rate ("APR") based upon in properly calculated and disclosed amounts, Defendants are in violation of 15 USC §1601 et seq., Regulation Z §226.18 (c), 18(d), and 22.D

86.     Defendants' failure to provide the required disclosures provides Plaintiffs with the right to present the transaction, and Plaintiffs, through this public complaint which is intended to be construed, for purposes of this claim as a formal notice of rescission, hereby elect to rescind the transaction.

87.     Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2011.  Any applicable statute of limitations should run from this date.

**FOURTH CAUSE OF ACTION**
**Violations Of Fair Credit Reporting Act**
**(As to All Defendants and DOES)**

88.     Plaintiffs reaffirm and reallege paragraphs 1 through 87 above as if set forth fully herein below.

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

89.   At all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies, including but not limited to Experian, Equifax and Trans Union, under the Fair Credit Reporting Act.  Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiffs to one or more credit reporting agencies, resulting in Plaintiffs' having negative information on their credit reports and the lowering of their FICO scores.

A.   The negative information included but was not limited to an excessive amount of debt into which Plaintiffs were tricked into signing;

B.   Notwithstanding the above, Plaintiffs have paid each and every payment on time from the time of the closing of the loan and until Plaintiffs' default.

90.   Pursuant to 15 USC §1681 (s) (2) (b), Plaintiffs are entitled to maintain a private cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of The Fair Credit Reporting Act which caused actual damages to Plaintiffs, including emotional distress and humiliation.

91.   Plaintiffs are entitled to recover damages from Defendants for negligent non-compliance with The Fair Credit Reporting Act pursuant to 15 USC§1681 (n) (a) (2) in an amount to be proven at the time of trial.

92.   Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

### FIFTH CAUSE OF ACTION
### Fraudulent Misrepresentation
### (As to All Defendants and DOES)

93.   Plaintiffs reaffirm and re-allege paragraphs 1 through 92 above as if set forth fully herein below.

94.   Defendants knowingly and intentionally concealed material information from Plaintiffs which is required by federal and state statutes and regulations to be disclosed to the Plaintiffs both before and after closing.

95.   Defendants also materially misrepresented material information to the Plaintiffs with full knowledge of Defendants that their affirmative representations were false, fraudulent, and

- 20 -

1    misrepresented the truth at the time said representations were made.

2        96.     Under the circumstances, the material omissions of material misrepresentations of the

3    Defendants were malicious.

4        97.     Plaintiffs not being investment bankers, securities dealers, mortgage lenders, or

5    mortgage brokers, reasonably relied upon the representations of the Defendants in agreeing to

6    execute the mortgage loan documents.

7        98.     Had Plaintiffs known of the falsity of Defendants' representations, Plaintiffs would

8    not have entered into the transaction that is the subject of this action.

9        99.     As a direct and proximate cause of Defendants' material omissions and material

10   misrepresentations, Plaintiffs have suffered damages, all according to proof at trial.

11       100.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose

12   and the fraud committed upon them in November of 2010.  Any applicable statute of limitations

13   should run from this date.

14                              **SIXTH CAUSE OF ACTION**

15                              **Breach Of Fiduciary Duty**

                              **(As to All Defendants and DOES)**

16       101.    Plaintiffs reaffirm and re-allege paragraphs 1 through 100 above as if set forth fully

17   herein below.

18       102.    Defendants, by their actions and contracting to provide mortgage loan services and a

19   loan program to Plaintiffs which was not only to be best suited to the Plaintiffs given their income

20   and expenses, but by which Plaintiffs would also be able to satisfy their obligations without risk of

21   losing their home, were "fiduciaries" in which Plaintiffs reposed trust and confidence, especially

22   given that Plaintiffs were not and are not investment bankers, securities dealers, mortgage lenders or

23   mortgage brokers.

24       103.    Defendants breached their fiduciary duties to Plaintiffs by fraudulently inducing

25   Plaintiffs to enter into a mortgage transaction which was contrary to Plaintiffs' stated intentions;

26   contrary to Plaintiffs' interest; and contrary to Plaintiffs' preservation of their home.

27       104.    As a direct and proximate result of the Defendants' breaches of their fiduciary duties,

28   Plaintiffs have suffered damages.

                                    - 21 -

105.    Under the totality of the circumstances, the Defendants' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiffs, justifying an award of not only actual compensatory damages, but also exemplary punitive damages to serve as a deterrent not only as to future conduct of the named Defendants herein, but also to other persons or entities with similar inclination.

106.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

## SEVENTH CAUSE OF ACTION
### Unjust Enrichment
### (As to All Defendants and DOES)

107.    Plaintiffs reaffirm and re-allege paragraphs 1 through 106 above as if set forth fully herein below.

108.    Defendants had an implied contract with Plaintiffs to ensure that Plaintiffs understood all fees which would be paid to the Defendants to obtain credit on Plaintiffs' behalf and not to charge any fees which were not related to the settlement of the loan and without full disclosure to Plaintiffs.

109.    Defendants cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits (including but not limited to from the resale of mortgages and notes using Plaintiffs' identity, credit score and reputation without consent, right, justification or excuse as part of an illegal enterprise scheme) and gains and other fees unrelated to the settlement services provided at closing.

110.    Defendants have been unjustly enriched at the expense of Plaintiffs, and maintenance of the enrichment would be contrary to the rules and principles of equity.

111.    Defendants have also been additionally enriched to the receipt of payment from third parties, including but not limited to, investors, insurers, the United States Department of the Treasury, the United States Federal Reserve, the FDIC, and other banks.

112.    Plaintiffs demand restitution from the Defendants in the form of actual damages, exemplary damages, and attorneys' fees.

113.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

## EIGHTH CAUSE OF ACTION
### Civil Conspiracy
### (As to All Defendants and DOES)

114.    Plaintiffs reaffirm and re-allege paragraphs 1 through 113 above as if set forth fully herein below.

115.    In connection with the application for and the consummation of the mortgage loan the subject of this action, Defendants agreed, between and among themselves, to engage in actions in a course of conduct designed to further an illegal act or accomplish a legal act by an unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiffs, including, but not limited to, the commencement of foreclosure.

116.    Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to Plaintiffs.

117.    The acts of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of Plaintiffs.

118.    As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches of fiduciary duties, Plaintiffs have suffered damages, all according to proof at trial.

119.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

## NINTH CAUSE OF ACTION
### Civil RICO Violations
### (As to All Defendants and DOES)

120.    Plaintiffs reaffirm and re-allege paragraphs 1 through 119 above as if set forth fully herein below.

Klepacs v. CTX Mortgage Company, LLC, et al.                                        **COMPLAINT**

121.    Defendants and each of them participated in the conspiracy the subject of this action, which has existed from date of application to the present, with the injuries and damages resulting therefrom being continuous.

122.    Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitutes an "enterprise", with the aim and objective of the enterprise being to perpetuate a fraud upon the Plaintiffs through the use of intentional nondisclosure, material misrepresentation, and creation of the fraudulent loan documents.

123.    Each of the Defendants is an "enterprise Defendant."

124.    The primary cause of this action is a widespread civil and criminal enterprise engaged in a pattern of racketeering activity across State lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during at least the past seven years.

125.    The predicate acts alleged here cluster around violations of federal law involving mortgage lending, bank regulations and consumer credits laws as alleged in this complaint along with violations of various California state laws concerning conveyance of notes and deeds of trust. See 15 U.S.C.§§1601 et seq., 1639 et.seq., 1681; 12 U.S.C. §2601 and California Civil Code §2923.5, California Commercial Code §3602 and California Corporations Code §313, respectively.

126.    Other RICO predicate acts were part of the overall conspiracy and pattern of racketeering *activity* alleged herein, *e.g.* mail fraud and bank fraud.  See 18 U.S.C. §§1341 and 1344, respectively.

127.    Plaintiffs alleges that the list of exhibits attached to this Complaint, show the false and fraudulent documents filed with the Placer County Recorder Office constitutes probable cause for granting all relief requested in this Complaint.  Plaintiffs allege that Defendants did, each, act wrongfully to take and deprive them of their property, knowing that they, without their knowledge converted their note and deed of trust to a Mortgage Backed Security, to charge them for insurance and other forms of credit enhancements, which have paid Plaintiffs' note, thereby falsely claiming a "default" on the obligation.

128.    At various times and places enumerated in Plaintiffs' Exhibits A-L, all Defendants

- 24-

Klepacs v. CTX Mortgage Company, LLC, et al.                                        **COMPLAINT**

1    did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of

2    individuals who were associated in fact and who did engage in, and whose activities did affect,

3    interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

4           129.    During the pertinent time in question, all Defendants did cooperate jointly and

5    severally in the commission of two or more of the RICO predicate acts that are itemized in the RICO

6    laws at 18 U.S.C. §§1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C.

7    §962(b).

8           130.    Plaintiffs further allege that all Defendants did commit two or more of the offenses

9    itemized above in a manner which they calculated and premeditated intentionally to threaten

10    continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the

11    RICO law at 18 U.S.C. §1962(b) *supra*.

12           131.    Under the principles of Respondent superior, the principal is liable for agents'

13    misconduct, including knowledge of, participation in, and benefit from a RICO enterprise.

14           132.    As a direct result of the actions of the Defendants, Plaintiffs have and continue to

15    suffer damages.

16           133.    Whenever references are made in this Complaint to any act of any Defendant, that

17    allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

18           134.    Whenever references are made in this Complaint to any allegation about acts of any

19    corporate or other business, Plaintiffs mean that the corporation or other business did the acts

20    alleged to by its officers, directors, employees, agents and/or representatives while they were acting

21    within the actual or ostensible scope of their authority.

22           135.    At all times each Defendant committed the acts, each Defendant directed others to

23    commit the acts, or permitted others to commit the acts alleged in this Complaint.

24           136.    Additionally some or all of the Defendants acted as the agent of the other Defendants,

25    and all of the Defendants acted within the scope of their agency or is acting as an agent of another.

26           137.    At all relevant times, each Defendant knew or realized that the other Defendants were

27    engaging in or plan to engage in the violations of law alleged in the Complaint.  Knowing or

28    realizing that the Defendants were engaging in and are planning to engage in unlawful conduct, each

Klepacs v. CTX Mortgage Company, LLC, et al.                     **COMPLAINT**

1   Defendant nevertheless facilitated the commission of those unlawful acts.  Each Defendant intended

2   to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided

3   and abetted the other Defendants in the unlawful conduct.

4       138.    At all relevant times, Defendants have engaged in a conspiracy, common enterprise,

5   and common course of conduct, the purpose of which is to engage in the violations of law alleged in

6   the Complaint.  This conspiracy, common enterprise, and common course of conduct continue to the

7   present.

8       139.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose

9   and the fraud committed upon them in November of 2010.  Any applicable statute of limitations

10  should run from this date.

11                          **TENTH CAUSE OF ACTION**

12                              **Quiet Title**

13                      **(As to All Defendants and DOES)**

14      140.    Plaintiffs reaffirm and re-allege paragraphs 1 through 139 above as if set forth fully

15  herein below.

16      141.    Plaintiffs have sent or have caused to be sent notice of their intent to rescind the

17  subject loan transaction, but only sent those notices to the entities that have been disclosed.  Hence,

18  without this action, neither the rescission nor the reconveyance which Plaintiffs are entitled to file

19  (as attorney-in-fact for the originating lender) and will file contemporaneously with this Complaint,

20  gives Plaintiffs full and clear title to the property.

21      142.    The real party in interest on the lender's side may be the owner of the asset-backed

22  security issued by the servicing and pooling vendor, the insurer through some claim equitable

23  interests, or the Federal Government through the United States Department of the Treasury or the

24  Federal Reserve.  The security is a "securitized" bond deriving its value from the underlying

25  mortgages, of which the subject mortgage is one.  Thus Plaintiffs are entitled to quiet title against

26  Defendants, clearing title of the purported subject mortgage encumbrance.

27      143.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

28  claim an interest in the Subject Property.

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

144.    However, Defendants' claims are without any right whatsoever, and said Defendants have no legal or equitable rights, claim, or interest in the Subject Property.

145.    Plaintiffs therefore seek a declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to the Plaintiffs herein.

146.    Plaintiffs have a pending forensic audit of the securitization of their loans.  Plaintiffs will ask leave of Court to amend the filing of this Complaint to incorporate the result herein.

147.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

## ELEVENTH CAUSE OF ACTION

### Usury and Fraud

### (As to All Defendants and DOES)

148.    Plaintiffs reaffirm and re-allege the above paragraphs 1 through 147 above as if set forth fully herein below.

149.    Plaintiffs are informed and believe and herein allege that the subject loan, notes, and mortgage were structured so as to create the appearance of a higher value of real property than the actual fair market value.

150.    Defendants disguised the transaction to create the appearance of the lender's being a properly chartered and registered financial institution, authorized to do business and to enter into the subject transaction, when in fact the real party in interest was not disclosed to Plaintiffs, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties who participated in this unlawful scheme.

151.    Said real party in interest, i.e. the source of funding for the loan and the person to whom the note was transmitted or eventually "assigned" was neither a financial institution nor an entity or person authorized, chartered or register to do business in the state, nor to act as banking,

1   lending or other financial institution anywhere else.

2        152.    As such, this fraudulent scheme (which was in actuality a plan to trick the Plaintiffs

3   into signing what would become a negotiable security used to sell unregulated securities under

4   fraudulent and changed terms from the original notes) was in fact a sham to use Plaintiffs' interest in

5   the real property to collect interest in excess of the legal rate.

6        153.    The transaction of all the loan of money was pursuant to a written agreement, and as

7   such, subject to the rate limitation set forth under state and federal law.  The "formula break" a

8   reference to end these laws was exceeded by a factor in excess of 10 contrary to the applicable law

9   and contrary to the requirements for disclosure under TILA and HOEPA.

10        154.    Under applicable law Plaintiffs are also entitled and demand a permanent injunction

11   be entered against the Defendants:

12        A.    Preventing them from taking any action or making any report in furtherance

13            of collection on this alleged debt which was usurious;

14        B.     Requiring the records custodian of the county in which the alleged mortgage

15            and other instruments are recorded to remove same from the record;

16        C.    Allowing the filing of said order in the office of the clerk of the property

17            records where the Subject Property, "loan transaction" and any other

18            documents relating to this transaction are located; and

19        D.    Dissolving any lis pendens or notice of pendency relating to the Defendants'

20            purported claim.

21        155.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose

22   and the fraud committed upon them in November of 2010.  Any applicable statute of limitations

23   should run from this date.

24

25                    **TWELFTH CAUSE OF ACTION**
                       **Wrongful Foreclosure**
26                   **(As to All Defendants and DOES)**

27        156.    Plaintiffs reaffirm and re-allege the above paragraphs 1 through 155 above as if set

28   forth fully herein below.

Klepacs v. CTX Mortgage Company, LLC, et al.                    **COMPLAINT**

157.    Plaintiffs bring this cause of action against all parties who had an apparent hand in the wrongful acts as set forth and described as to each of them below.  Furthermore, their participation seems to be a joint effort to hold each accountable for the actions of the rest.

158.    California Civil Code §2924 mandates that a non-judicial trustee's sale "SHALL NOT TAKE PLACE" unless it is done on behalf of the beneficiary of a deed of trust securing a note and certain technical procedures are met.

159.    California Civil Code §2924(g) allows the obligee on the note required by §2924 to make a "credit bid" at a foreclosure sale, thereby taking title without actually paying any money whatsoever for the Trustee to convey title to the property.

160.    Defendants in this case had a duty to Plaintiffs to follow the laws, including the foreclosure laws.

161.    Defendants were not the beneficiaries of the mortgage at the time of the scheduled sale.

162.    Defendants CTX MORTGAGE COMPANY, LLC and QUALITY LOAN SERVICE CORP. are acting as Trustees of a REMIC Loan Pool Trust pursuant to a Pooling and Servicing Agreement (PSA).  The PSA under which Defendants purport to be acting is a public record kept by the SEC, whose website EDGAR.com contains the provisions of the PSA.

163.    If the truth is that the note was separated from the deed of trust and transferred to the loan pool, then under Civil Code §2936, the Right Title and Interest to the Deed of Trust followed the note on that date, and any subsequent purported assignment is a lie, its declaration a fraud, and its true legal effect null notwithstanding recordation.  Any beneficiary was divested of interest upon the transfer of the note under California Law and lacked power to assign any interest.  Thus any attempt to foreclose on the subject property was null and void under California Law and should be prevented from occurring.

164.    Due to Defendants actions, Plaintiffs have been damaged, both financially and are being deprived of their residence, which is a unique asset to them.  Plaintiffs demand damages for these harms and a permanent injunction against Defendants, to prevent them from being evicted from their home.

Klepacs v. CTX Mortgage Company, LLC, et al.                                          **COMPLAINT**

165.    Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in November of 2010.  Any applicable statute of limitations should run from this date.

**WHEREFORE**, Plaintiffs pray this court to enter judgment against Defendants and each of them, as follows:

1.    For an order compelling said Defendants, and each of them, to transfer or release legal title and any alleged encumbrances thereon, and possession of the subject property to Plaintiffs herein;

2.    For a declaration and determination that Plaintiffs are the rightful holders of title to the Subject Property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

3.    For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

4.    For a declaration that the foreclosure which was instituted be deemed and declared illegal and void, and that further proceedings in connection with the foreclosure be enjoined;

5.    For attorneys' fees according to statutes;

6.    For actual, compensatory and punitive damages

7.     For costs of the suit herein incurred;

8.    For such other further relief as the Court may deem just and proper.


Dated:  March 18, 2011                         Respectfully submitted,


                                               LAW OFFICES OF HOLLY S. BURGESS


                                               By:___*/s/*  ___***Holly S. Burgess***_____/
                                                    HOLLY S. BURGESS
                                                    Attorney for Plaintiff,

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**

VERIFICATION

We, Tom Klepac and Joy Klepac, declare as follows:

We have read the foregoing Complaint: for 1) Breach of Security Instrument; 2) Violations of Real Estate Settlement Procedures Act; 3) Violations of Truth in Lending Act; 4) Violations of Fair Credit Reporting Act; 5) Fraudulent Misrepresentation; 6) Breach of Fiduciary Duties; 7) Unjust Enrichment; 8) Civil Conspiracy; 9) Civil RICO Violations; 10) Quiet Title; 11) Usury and Fraud; and 12) Wrongful Foreclosure.

Except for matters stated on information and belief, the facts stated therein are true on our own knowledge, and as to those matters stated on information and belief, we believe them to be true.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this verification was executed this 17th day of March, 2011, at Placer County, California.

Tom Klepac

Joy Klepac

- 1 -

Klepacs v. CTX Mortgage Company, LLC, et al.                                    **COMPLAINT**